Fisher, J.
Heard on demurrer to -petition.
This action is before the court on demurrer by the defendant village to the amended petition of the plaintiff on the ground that it does not state facts sufficient to constitute a cause of action.
*184 The action is brought to recover damages for injuries sustained by the plaintiff based upon the averments in his amended petition in substance as follows:
The plaintiff avers the incorporation of the village under the laws of Ohio; that-
“On October 4, 1909, it contracted with one George Linderman for the construction of a cement sidewalk, under the supervision of said village, on the east side of Maple street in said village; that about October 5, 1909, said Linderman, in pursuance of said contract commenced the necessary excavation for the construction of said walk and erected .an obstruction or barrier of heavy timbers across said sidewalk and entirely obstructed travel over said sidewalk; that said obstruction was maintained for a considerable time and was not supplied with signal or danger lights, and no means were provided to warn persons passing along said sidewalk of the erection of said obstruction, all of which was known to the defendant; that there is and was, at the time, a large amount of travel upon said walk; that on October 8,1909, during the night season, said sidewalk was negligently and carelessly left by said defendant in said unsafe and dangerous condition; that plaintiff, on said night, was lawfully walking along said sidewalk and was wholly unware of the danger and, without fault or negligence on his part, he ran into said obstruction across said sidewalk whereby he was thrown violently upon said sidewalk and suffered injury. ”
The defendant village contends, through its counsel, that the petition does not show any duty enjoined by law upon the village to have been violated. Counsel insists that the village is only liable for the failure to perform a ministerial duty whereby one has suffered an injury.
The court is of the opinion that the contention of counsel is correct and the authorities cited by him maintain his proposition and can not be disputed, but counsel insists that the village after it put up the barriers was not bound to furnish some means of advising users of walks that the barriers were there, claiming that having erected the barriers it had performed its whole duty, directly in opposition to his authorities and ease. It is the imperative duty of municipal corporations to keep the highways, side and crosswalks (which are part of the highways) free from obstruction and nuisance, and this is a ministerial duty.
*185 The averment in the amended petition is that the village negligently, with knowledge, of the fact, permitted' an obstruction across this sidewalk without any light or danger signal to notify persons, lawfully using the sidewalk, of the obstruction. This would be a violation of a duty, ministerial in its nature, imposed by law upon the village and if the plaintiff is able to establish that fact he would be entitled to recover against the village.
The allegations in the amended petition are not as definite as the court thinks they should be, but on careful examination I am of the opinion that the petition as against the demurrer is good. A motion might have been interposed before the demurrer anrl the plaintiff been required to make his petition more definite and certain in relation to the allegation as to the contract and the supervision of the village over the contractor, and the knowledge that the village had as to the want of a danger signal to warn pedestrians of the obstruction across the sidewalk. '
The demurrer will therefore be overruled.